UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH HAYNES and <br> SANDRA HAYNES, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> BANK OF AMERICA <br> CORPORATION, N.A., et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:10CV409 RWS <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

Plaintiffs filed their first amended complaint on April 15, 2010, seeking to have their mortgage obligation on three properties discharged and the liens on these properties removed. Defendants filed a motion to dismiss the complaint for failing to state a claim. Because I find that the complaint is merely a recitation of disjointed legal assertions and that it is devoid of facts which state a claim for relief that is plausible on its face I will grant Defendants' motion to dismiss.

*Factual Background*

Plaintiffs' first amended complaint lists several federal statutes and state law causes of action alleging a claim that mortgages and deeds of trust on three properties are void. Plaintiffs' properties are located at 1642 Garden Valley Street, St. Louis, MO 63038; 1929 California, St. Louis, MO 63104; and 1931-33 California, St. Louis, MO 63104. The complaint asserts the relief sought is a "[c]omplete mortgage discharge over any claims from Bank of America N.A. satisfaction of mortgages and relief of all liens on our properties." The only other information

the complaint contains about these mortgages is a chart which lists each property's address followed by a nine digit number and a dollar amount which is "the original amount(s) of the bond(s) of collateral held by the issuer [Plaintiffs]." The complaint fails to provide any information about how and when the loans were made, who originated the loans, the terms of the loans, the status of the loans (current or in default), or any other information that would the identify the nature of the loans which are the basis of Plaintiffs' claims.

The legal theories relied upon for relief are not any clearer. On page four of the first amended complaint Plaintiffs set out the language of 42 U.S.C. § 1983. Plaintiffs apparently are attempting to assert some basis for relief under § 1983 but they fail to plead that Defendants are state actors violating Plaintiffs federal rights.

Under the heading "Summary of Issue" Plaintiffs allege that "[t]his is a case of predatory lending and possible fraud" and that the Bank of America "is not the holder of a note on his property." Plaintiffs assert that because the Bank of America is not the holder "of the note" Plaintiffs "allege[] no obligation of the debt." That section further alleges that "the Bank Directors participated in an unlawful scheme acting under color of authority of statute and thus committing fraud in regards to United States Banking Statutes and practices."

Furthermore, under the subheading "Summary II" on page five of the complaint Plaintiffs assert the "Defendants and Claimant participated in contract and commercial activity in respect to a note / bond which is expressly governed by Federal law and the Uniform Commercial Code...."

That section alleges further that "Claimant makes the claim that the instrument / obligation became voidable when the Defendants participated in fraudulent and illegal activity

violating the rules of the laws under which the note / bond is expressly governed and also violated their oath and duty as officers sworn statutorily to Act within the parameters of the National Bank / Currency Act and other applicable statutes."

The complaint does not provide any details of the instrument, obligation, bond, or note referenced in this section.

On page six of the complaint under a subheading entitled "Affidavit of Facts" Plaintiffs assert in paragraph (1) that "defendant Bank of America N.A. entered into negotiable instrument contract" with Plaintiffs. Plaintiffs do not identify the "negotiable instrument contract" further.

In paragraph (2) Plaintiffs assert "real defense remedy in contract against Bank of America N.A. for fraud in the factum illegally of transaction that renders the underlying claims of lien void, and failure to prove that they are the lawful holder of a lien on the property." Paragraph (3) asserts that the Bank of America "is subject to the National Bank Act (Chapter 106, 13 STAT 99)." Paragraph (4) alleges that the directors "involved in the transactions of Bank of America N.A. herein noted as the holders of a note / bond are oathed to abide by the laws governing financial institutions stated at the National Bank Act [] and have violated their oaths of office which are held at the Office of the Comptroller of Currency of the United States." Paragraph (5) asserts that Plaintiffs "issued bonds to the above mentioned Defendants and the United States Comptroller of the Currency has registered the bonds to the Directors of Bank of America, N.A." In paragraph (6) Plaintiffs allege that "Directors of the previously stated Bank of America N.A. cannot convert the exchange of my bonds for a property to a loan."

The balance of this section of the complaint recites meaningless legal phrases.

In the remainder of the complaint, as well as can be deciphered, Plaintiffs allege that the

Bank of America converted an unspecified bond to a thirty year mortgage (found in paragraph (11) under the heading, "Affidavit of facts in support of claimants claims & real defenses")(Plaintiffs allege "[t]he fraudulent note which was converted from my lawfully tendered bond was for a 30 year mortgage which by operation of law is fraudulent according to statute"). Plaintiffs do not further identify the "fraudulent note", the "lawfully tendered bond" or the statue by which it is fraudulent.

And finally, Plaintiffs assert in paragraph (10) of this subsection that the "according to the National Bank Act, Bank of America N.A. cannot enter into a mortgage agreements for real estate beyond a 5 year period." In paragraph (13) Plaintiffs assert that Defendant "Brian T. Moynihan CEO has participated in this fraud through his endorsement on the assignment form Bank of America N.A. and thus through real defenses implemented herein Bank of America N.A. has no legitimate claim as a holder of a note nor can they force [Plaintiffs] to pay any instruments that are Fraud."

### *Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to

raise a right to relief above the speculative level." Id. at 555.

### *Discussion*

As an initial matter I note that several cases similar to Plaintiffs' have been filed in this Court in the past several months. They are all pro se pleadings that assert that their mortgage obligations should be dismissed and that any lien related to the mortgage should be released. These claims appear to be based on the mistaken belief that banks cannot issue or service real estate loans for more than five years or that the debt instrument executed by the borrower for a loan was a bond which was somehow illegally transformed into a note and a deed of trust (which are the typical documents provided by the borrowers to obtain a residential and/or commercial real estate loan).

As an example, the amended complaint filed by Plaintiffs is strikingly similar to the pro se complaint filed in this court in the matter of Barnes v. CitiGroup Inc., Case No. 4:10CV620 JCH. Only the names of the parties have been changed in these complaints along with other minor variations. The Barnes case was recently dismissed for failing to state a claim upon which relief could be granted.

Plaintiffs' complaint in the present case does not contain coherent facts or legal claims that would entitle them to relief. The factual allegations in the complaint fail to provide any information about the loan documents or the bond Plaintiffs assert was illegally transformed into a 30-year mortgage note. Plaintiffs seek relief of any obligation on three separate properties but fail to provide any specific information about these obligations leaving Defendants and the Court to speculate what debt instruments are being challenged. Moreover, the complaint sets out rambling and incoherent allegations of various laws that have been violated which do not afford

Plaintiffs a grounds for relief.

In several sections of their complaint Plaintiffs assert that they are seeking relief under 42 U.S.C. § 1983. Section 1983, however, does not provide any independent substantive right. Moreover, it applies only to state actors. Plaintiff's have not alleged, nor can they allege in good faith based on the claims in this case, that Defendants are state actors.

Plaintiffs' claims under the National Bank Act are rambling and nonsensical. As an example, in paragraph (9) on page six of the complaint Plaintiffs assert that "Bank of America N.A. cannot, loan the capital of their directors, nor can they loan the money of their depositors, and they can only loan money pursuant to Public Law Volume 13 38th Congress Stat 99-118 The National Bank Act which holds precedent over U.S.C. Title 12 which is only prima facie law and NOT positive law." This is the type of meaningless statement that permeates Plaintiffs' complaint. It is true that under 12 U.S.C. § 83 national banks are prohibited from making loans secured by shares of its own capital stock. However, Plaintiffs have not alleged that the loans they received for their properties were secured by Plaintiffs with the bank's own capital stock. Rather, the loans were secured by liens on Plaintiffs' real property.

Another example of Plaintiffs' misstatement of the law in an attempt to assert a claim is their assertion noted above that "according to the National Bank Act, Bank of America N.A. cannot enter into a mortgage agreements for real estate beyond a 5 year period." This assertion apparently is based on 12 U.S.C. § 29 which states that no national banking association "shall hold the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a longer period than five years except as otherwise provided in this section." Plaintiffs apparently misread this section to mean that a

bank cannot hold a mortgage on loans secured by real property for more than five years. The statute does not say that. It states that a bank cannot possess real estate subject to a mortgage for more than five years (unless the mortgage falls under an exception listed in the statute including the building where its offices are located). Defendant Bank of America does not possess Plaintiffs properties subject to a mortgage(s) in favor of Plaintiffs. It is the other way around. Plaintiffs possess their properties subject to a mortgage and lien in favor of the bank.

These examples of Plaintiffs' allegations in their complaint typify the rambling nature and twisted interpretation of statutes which Plaintiffs rely upon to have their mortgages declared void and liens against their property released. They fail to assert a factual basis and/or a legal theory which state a grounds that would entitle them to the relief they seek.

Plaintiffs oblique references[1] to a claim under the Fair Debt Collection Practices Act, !5 U.S.C. §§ 1692 et seq. fail to allege any facts or law that would entitle them to relief. So too Plaintiffs' sporadic allegations of fraud in the complaint are unsupported in fact and law and are woefully deficient under the pleading standard set out in the Federal Rules of Civil Procedure Rule 9(b) which require a heightened pleading standard. Similarly, to the extent Plaintiffs' complaint may be liberally construed to asserting securities fraud claims the complaint fails to provide factual or legal support for such claims.

As to the claims against the individual Defendants[2] who are alleged to be officers of Bank

---

[1] Page 5 of the complaint contains the language "[t]he issues include violations of Title 15 of the United States Code in regards to unlawful Debt Collection Practices."

[2] I note that Defendant Andres Gluski has never been served in this action. Defendants' counsel represent, without contradiction, in document number 13 that Gluski is not affiliated with the Bank of America and his whereabouts are unknown.

of America, the complaint merely recites conclusory legal allegations against "Defendant officers." The complaint only mentions Defendant Moynihan by name accusing him of "fraud in the factum" but, as with their other allegations of fraud, Plaintiffs claims against Moynihan fail to provide the "who, what, when, where, and how" standard required under Rule 9(b) to state a cognizable fraud claim.

*Conclusion*

Plaintiffs seek to void several mortgages and release liens on their real property held by Bank of America. A careful and liberally construed reading of Plaintiffs' complaint leads me to conclude that it completely fails to state a claim upon which relief can be granted. The allegations of their complaint do not plead enough facts to state a claim to relief that is plausible on its face. The legal grounds asserted in the complaint are misstated, inapplicable, and at best are no more than labels and conclusions which is an insufficient basis to entitle Plaintiffs to any relief. As a result, I will grant Defendants' motion to dismiss for failure to state a claim.

Accordingly.

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#14] is **GRANTED**. Plaintiffs' claims against Defendant Andres Gluski who has never been served in this matter will also be dismissed because they are frivolous and fail to state a claim.

**IT IS FURTHER ORDERED that** all other pending motions in this matter are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2010.